```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF ALABAMA
                   SOUTHERN DIVISION

JAMES J. CANALE, et al.,    }
                            }
     Plaintiffs,            }
                            }     CIVIL ACTION NO.
v.                          }     09-AR-1063-S
                            }
REGIONS BANK, et al.,       }
                            }
     Defendants.            }
```

## MEMORANDUM OPINION

Before the court are three motions: the motion to stay the proceedings pending transfer to the Judicial Panel on Multidistrict Litigation ("MDL Panel")[1] filed by Regions Bank ("Regions") and Morgan Asset Management, Inc. ("MAM")(collectively "defendants"), the motion for expedited treatment or expedited hearing filed by James J. Canale, Mary C. Canale, Anne Canale, J. Andrew Canale, Jr., Jane E. Canale, and Joan C. Szuberla (collectively "plaintiffs")[2], and plaintiffs' motion to remand the above-referenced action to the Circuit Court of Jefferson County, Alabama, Birmingham Division. Defendants removed this case under 28 U.S.C. §§ 1441 and 1446 on the allegation that plaintiffs' state-

---

[1] *See* Defs.' Mot. for Temporary Stay of Proceedings Ex. 2. (discussing *In re: Regions Morgan Keegan Sec., Derivative and ERISA Litigation*, 2:08-2192 (W.D. Tenn. 2009)).

[2] Plaintiff James J. Canale sues in his individual capacity as a beneficiary of the Joseph A. Canale Marital Trust and the Joseph A. Canale Residuary Trust (collectively "the trusts") and in his capacity as co-trustee of the trusts. The other plaintiffs sue only in their respective individual capacities.

law claims raise questions of federal law pursuant to 28 U.S.C. § 1331.

### Pertinent Allegations and Procedural Background

This action is brought by beneficiaries of certain trust accounts created by the late Joseph A. Canale for the benefit of his wife and children. Plaintiffs are beneficiaries of one or more of these trusts. Plaintiffs allege that defendants, through a trust officer, mismanaged trust funds by placing trust assets into certain "unsuitable, unstable, and highly risky" investments, including the Regions Morgan Keegan Select Intermediate Bond Fund and the Regions Morgan Keegan Multi-Sector High Income Fund (collectively "the RMK funds"), which resulted in the substantial loss of trust assets. (Compl. ¶ 19.) These investments were allegedly made despite the co-trustee's direction to defendants to reduce the risk in the trusts' respective portfolios. (Compl. ¶ 19.) Additionally, the RMK fund investments allegedly were made without disclosure of the risks involved. (Compl. ¶ 29.) According to plaintiffs, defendants were "fully aware of the extremely poor quality, great riskiness, and increasing instability, **illiquidity**, and under-water **valuation**" of the RMK funds. (Compl. ¶ 37.)(emphasis added).

On April 29, 2009, plaintiffs filed their complaint in the Circuit Court of Jefferson County. The complaint contains fifteen

counts,[3] not one of which, on its face, raises a federal question or invokes a federal statute or federal regulation.

The complaint contains a section entitled "Jurisdiction and **Non-Removability**."(emphasis added).[4] The complaint also contains a section entitled "Statement Applicable to All Counts of Complaint," which, *inter alia*, purports to disclaim any and all recovery arising under any federal law.[5]

---

[3] Plaintiffs assert the following claims: (1) breach of fiduciary duty; (2) negligence; (3) wantonness; (4) breach of contract; (5) fraud; (6) reckless misrepresentation; (7) negligent misrepresentation; (8) suppression; (9) deceit; (10) violation of Alabama Securities Act Provisions; (11) conspiracy; (12) aiding and abetting by MAM; (13) violation of duty of loyalty under Ala. Code § 19-3B-802; (14) violation of duty of loyalty under Ala. Code § 19-3B-802; and (15) removal of trustee pursuant to Ala. Code §§ 19-3B-1001 and 19-3B-706 and for relief pursuant to these statutory sections.

[4] This section states in pertinent part:

There are absolutely no federal causes of action set forth in this Complaint, and it is not the intention or design of the Plaintiffs to assert (directly, indirectly or by accident or interference) any cause of action based upon or invoking the protection or use of any federal law, or to seek any remedy pursuant to federal law.

(Compl. ¶ 47).

[5] This section states in pertinent part:

Plaintiffs do not assert, or attempt or intend to assert, directly or indirectly, explicitly or implicitly, any claim for recovery or relief under any federal statute or federal law or regulatory provision affording any civil remedy or right of recovery, and Plaintiffs allege that the law of the State of Alabama (or Tennessee, where indicated), relied upon in and for each of the Counts of this Complaint, provides all the avenues needed by Plaintiffs for ample and complete relief for Plaintiffs. Without limiting the generality of the foregoing, Plaintiffs do not assert, or attempt or intend to assert, directly or indirectly, explicitly or implicitly, any claim for recovery or relief under any federal law governing offer, sale, purchase, issuance, investment or handling of any securities, or any federal law governing mutual funds or investment funds or any federal law governing investment advisers or banks or brokers and dealers. Plaintiffs request that this Complaint be construed to effectuate the foregoing statements. Furthermore, Plaintiffs opt out of, and disclaim any right, option or election to share in any proceeds of or any recovery in, any

On May 29, 2009, defendants removed the case to this court. On June 1, 2009, defendants filed a "Notice of Tag-Along Action" with the MDL Panel. (Defs.' Mot. for Temporary Stay of Proceedings Ex. 2.) On June 19, 2009, the court heard oral argument on all pending motions.

## **Discussion**

The court begins and ends its review of its subject-matter jurisdiction, with or without a motion to remand, in the grip of the rule inherent in the concept of federalism, namely, the presumption against removability arising from the fact that federal courts are courts of limited jurisdiction. This universally recognized proposition places a heavy burden on a removing defendant. Accordingly, removal statutes are construed narrowly, and doubts about removal are resolved in favor of remand. *Univ. of South Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999). "The existence of federal question jurisdiction is tested at the time of removal." *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294-95 (11th Cir. 2008)(citation omitted). The pending "Notice of Tag-Along Action" does nothing to alter this court's continuing obligation under 28 U.S.C § 1447(c) to examine and

---

> suits, actions, class actions, or multi-district litigation proceeds
> brought by persons other than the Plaintiffs, which are now pending
> or hereafter pending in any federal court. . . .

(Compl. 34).

reexamine its own jurisdiction. *W.R. Huff Asset Mgmt. Co., L.L.C. v. BT Sec. Corp.*, 199 F. Supp. 2d 1273, 1275 (N.D. Ala. 2001).

Plaintiffs are the masters of their complaint. *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149 (1908). However, "when a plaintiff has pled only state-law causes of action, he may not avoid federal jurisdiction if either (1) his state-law claims raise substantial questions of federal law or (2) federal law completely preempts his state-law claims." *Dunlap v. G&L Holding Group, Inc.*, 381 F.3d 1285, 1290 (11th Cir. 2004)(citation omitted). Defendants concede that none of plaintiffs' claims have been completely preempted by Congress. *Cf., e.g., Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987)(preempting state law claims under ERISA). To determine whether a state-law cause of action gives rise to a substantial federal question, the court must evaluate whether plaintiffs' state law claims "'necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities.'" *Adventure Outdoors,* 552 F.3d at 1296 (quoting *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005)(state quite title action which raised disputed interpretation of "proper notice" under 26 U.S.C. § 6335; holding that federal jurisdiction was proper under those circumstances)). Importantly, "*Grable* exemplifies a **slim category** of cases." *Id.* at 1296 (quoting *Empire*

5

*Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 701 (2006)(internal quotation marks omitted; emphasis added)). "Federal courts have rejected the 'expansive view' that **mere need to apply federal law in a state-law claim** will suffice to open the 'arising under' door." *Id.* at 1300 (quoting *Grable*, 545 U.S. at 313)(internal quotation marks in original; emphasis added). Judge Thompson quite properly and quite recently remanded a case under similar circumstances. *See Pearson v. Regions Bank*, No. 09-103, 2009 WL 1328083, at *3 (M.D. Ala. May 13, 2009)("[D]efendants have provided the court with only generalizations about the application of federal laws and regulations to them and the accounts at issue. They have not shown specifically how these federal laws and regulations are "**an element and an essential one**" to the plaintiffs' causes of action.")(quoting *Gully v. First Nat. Bank in Meridian*, 299 U.S. 109, 112 (1936)(emphasis added)).

At its core, defendants' argument that this court has subject-matter jurisdiction is based on a possible dispute about the meaning of the terms "valuation" and "liquidity." According to defendants, the definition and interpretation of these terms, as they relate to the RMK funds, implicate certain federal statutes and regulations.[6] Admittedly, these federal laws may help to define

---

[6] Defendants direct the court to certain federal statutes and regulations asserting that these provisions provide the basis or bases by which this court has jurisdiction pursuant to § 1331. These sections are: 15 U.S.C. § 80a-22(e)("Suspension of right of redemption or postponement of date of payment") and 15 U.S.C. § 80(a)(2)(41)(defining "value") of the Investment Company Act of 1940

the terms "valuation" and "liquidity." However, as in *Pearson*, defendants do not demonstrate how these provisions are **essential** to the plaintiffs' causes of action contained in their well-pleaded complaint that carefully disclaims any federal claims. "Valuation" and "liquidity" are not terms defined exclusively by federal law. Assuming *arguendo* that defendants have raised a federal issue through reference to these federal laws, defendants fail to demonstrate how the purported embedded federal questions are actually disputed, substantial, and/or invoke more than a mere need to apply federal law to a state-law claim. In other words, even if defendants have somehow side-stepped the well-pleaded complaint rule, they have not met their burden of demonstrating this court's subject matter-jurisdiction under *Grable* & *Empire Healthchoice*. Put another way, the relationship of plaintiffs' claims to any federal law is so tangential, so remote, and so carefully disclaimed, that it cannot form the basis for a removal under 28 U.S.C. § 1331. It does not. The court need not address plaintiffs' other arguments.

## Conclusion

For the foregoing reasons, the court lacks subject-matter jurisdiction and by separate order the motion to remand will be granted. The motion to stay will be denied.

---

("ICA"), 15 U.S.C. § 80a-1 *et seq.*; certain SEC regulations promulgated pursuant to the ICA, 17 C.F.R. §§ 270.2a-4, 270.22c-1 and the Securities Act of 1933, 17 C.F.R. § 230.144A; 15 U.S.C. § 80b-5 ("Prohibited transactions by investment advisors") of the Investment Advisors Act, 15 U.S.C. § 80b-1 *et seq.*; and 55 Fed. Reg. 17933, 17940 (April 30, 2009).

DONE this 22nd day of June, 2009.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE